## 27398. GRAMLICK v. GRIFFIN.

HAWES, Justice. The appeal here is from the denial of a writ of habeas corpus in an extradition case. The requisition of the Governor of Virginia, the demanding State, which was directed to the Governor of Georgia, recites that, "Whereas it appears by application, affidavit, warrant, etc., which are hereunto annexed . . ." that John Joseph Gramlick, Jr., stands charged

with having committed a certain crime as set forth therein, pursuant to the provisions of the Constitution and laws of the United States, "I do hereby require that the said John Joseph Gramlick, Jr., be apprehended and delivered to" designated officers who are authorized to receive and convey him to the State of Virginia there to be dealt with according to law. Attached to the requisition is the affidavit of one Richard L. Acampora dated November 6, 1971, and made before Harold A. Hayes, Justice of the Peace for Caroline County and the State of Virginia, together with an arrest warrant, dated October 25, 1971, issued by the said Harold A. Hayes. The warrant recites that it was made pursuant to a complaint and information made on oath before the issuing officer by Trooper R.L. Acampora. Appellant contended in the trial court and contends before this court that the warrant relied upon by the State of Virginia for his arrest and extradition is not supported by an affidavit since the warrant was issued on October 25, 1971, and the affidavit attached thereto was not made until November 6, 1971, and that, consequently, the affidavit was not made in support of the warrant, nor could the warrant have been based thereon. The trial court denied the petitioner's contentions, and whether that ruling was correct is the sole question presented by this appeal. *Held:*

"No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing . . . , and accompanied by . . . a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; . . ." Ga. L. 1951, pp. 726, 727 (Code Ann. § 44-404). The language of the statute is that the requisition shall be accompanied by an affidavit made before a magistrate together with a copy of *any warrant* which was issued thereupon. It is plain from

this language that if no warrant was in fact issued upon the affidavit which accompanies the requisition, then the affidavit is not rendered insufficient by reason of that fact. The warrant which accompanies the requisition in this case recites that it was issued upon an affidavit made by Acampora before the issuing magistrate on that date. The presumption arises, therefore, that the affidavit upon which the warrant was issued was for some reason not attached to the warrant and that another and subsequent affidavit was attached, either through inadvertence or intentionally. The affidavit is the supporting document of the Governor's requisition. It does not need to be accompanied by a warrant unless in fact a warrant was issued. This construction of the language of the statute comports with the construction given similar language embodied in the California Criminal Extradition Act by the Supreme Court of California. See In Re Cooper, 53 Cal. 2d 772 (349 P2d 956). It follows that the contention of the appellant is without merit and that the trial court properly remanded him to the custody of the sheriff.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 12, 1972 —DECIDED JANUARY 4, 1973.

*Bobby F. Herndon,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, Howard A. McGlasson, Jr., David J. Funk,* for appellee.